TAYLOR, Presiding Judge.
The appellant, Clifford Williams, appeals an order of the trial court denying his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P.
The appellant contends that the trial court erred in dismissing his petition without holding an evidentiary hearing. In his petition, the appellant alleged that his sentence exceeded that allowed by law and that several of his constitutional rights had been violated. The trial court correctly ruled that all of the appellant’s claims, except the one alleging ineffective assistance of appellate counsel, were precluded from review by Rule 32.2(a)(4) and (a)(5) as matters that were raised or that could have been raised on appeal. Therefore, the appellant was not entitled to an evidentiary hearing on these claims. See Rule 32.7(d).
However, it appears that the appellant’s claim of ineffective assistance of appellate counsel was not subject to summary disposition under Rule 32.7(d) because material issues of fact and law were raised, which, if true, would entitle the appellant to relief.
Specifically, the appellant contended that appellate counsel failed to challenge on appeal the trial court’s ruling that the appellant lacked standing to contest the receipt into evidence of drugs found in a van parked outside the appellant’s residence.[1] The appellant alleged that the van was outside the scope of the search warrant and in support of his contention alleged that the trial court’s ruling would have been reversed had it been raised on appeal. The appellant admitted that he regularly drove the van, that he had driven it directly before the execution of the search warrant, and that the keys to the van were in his pocket when he was arrested. The appellant contended in his petition that the trial court’s ruling was based on the prosecutor’s erroneous assertion that the appellant had disclaimed ownership of the van in a motion to suppress. The appellant alleged that his motion to suppress contained no such disclaimer and that the prosecutor’s assertion was a fabrication.
The appellant cites specific pages in the trial record as support for his assertions and included a copy of the search warrant in the record on appeal. The state also cites the trial record and denies each assertion made by the appellant. The accuracy of the appellant's representations, however, cannot be assessed because, the trial transcript is not included in the record before this court.
The appellant’s petition placed in direct dispute a material issue of fact or law, and therefore, he was entitled to a ruling on the merits of this particular claim. The appellant’s assertions, if true, show that the appellant had standing to contest the search of the van; therefore, the trial court’s ruling on this issue was erroneous.
This cause is remanded to the Circuit Court for Jefferson County with directions that the court address the merits of the appellant’s claim of ineffective assistance of appellate counsel based on counsel’s alleged failure to challenge on appeal the trial court’s ruling on the receipt of the drug evidence. If the court finds it necessary to hold an evidentiary hearing, the court should make specific findings of fact as required by Rule 32.9, Ala.R.Crim.P. Due return should be made with this court no later than 42 days from the date of this opinion.
AFFIRMED IN PART; REMANDED WITH DIRECTIONS.*
All the Judges concur.

. The other alleged instances of ineffective assistance of appellate counsel are clearly without merit and would not entitle the appellant to relief even if true. Therefore, the trial court was correct in summarily dismissing them under Rule 32.7(d).

 Note from the Reporter of Decisions: On May 24, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion; on July 3, 1996, that court denied rehearing, without opinion.